IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


CHARLES R. ANDRUS,            §
TDCJ-CID NO. 1249907,         §
                              §
            Petitioner,       §
                              §
v.                            §
                              §      CIVIL ACTION NO. H-05-4093
DOUGLAS DRETKE, Director,     §
Texas Department of Criminal  §
Justice, Correctional         §
Institutions Division,        §
                              §
            Respondent.       §


**MEMORANDUM OPINION AND ORDER**


Charles R. Andrus, proceeding pro se and in forma pauperis,[1]

filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254

challenging his state court conviction and requesting an

evidentiary hearing ("Fed. Writ Pet.") (Docket Entry No. 1).[2]  See

28 U.S.C. § 2254 (2000).  Also pending before the court are

(1) Andrus' Petition for a Writ of Mandamus (Docket Entry No. 10),

---

[1]The court granted Andrus' Application to Proceed In Forma Pauperis
on February 17, 2006 (Docket Entry No. 5).  On the same day, the
court issued an Order in another case ordering the petitioner to
file an application to proceed in forma pauperis; this Order was
incorrectly docketed on this case (Docket Entry No. 6).  Although
the error was promptly corrected and the parties were immediately
notified, Andrus submitted a second Application to Proceed In Forma
Pauperis (Docket Entry No. 8).  The court need not consider this
second application because Andrus' first application was granted.

[2]Andrus reasserted his request for an evidentiary hearing in his
Traverse to Respondent's Motion for Summary Judgment (Docket Entry
No. 15 at 1, 4, 5).

(2) Respondent Dretke's Motion for Summary Judgment with Brief in Support (Docket Entry No. 13), (3) Andrus' Traverse to Respondent's Motion for Summary Judgment (Docket Entry No. 15)—including a motion to stay this proceeding to allow Andrus time to exhaust his state remedies (Docket Entry No. 15 at 2), (4) Andrus' submittal entitled "Actual Innocence" (Docket Entry No. 17), which the court will liberally construe as a motion to amend the initial habeas petition to add the claim of actual innocence, and (5) Andrus' Motion for Summary Judgment (Docket Entry No. 19).  For the reasons discussed below, the court will grant Dretke's motion for summary judgment and deny Andrus' motion for an evidentiary hearing, Andrus' motion for a stay, Andrus' motion to amend his petition to assert a claim of actual innocence, Andrus' motion for summary judgment, and Andrus' petition for a writ of habeas corpus.  The court will also deny Andrus' petition for a writ of mandamus as moot.

## I.  **Procedural History and Claims**

The State indicted Andrus for aggravated robbery, enhanced by two prior felony convictions, Ex parte Andrus, No. 61,888-01, at 49, and burglary of a habitation, also enhanced by two prior felony convictions.  Ex parte Andrus, No. 61,888-02, at 48.  In response to the State's offer to lower the aggravated robbery charge to the lesser-included offense of robbery and to suggest punishment at

thirty-five years' imprisonment, Andrus pleaded <u>nolo contendere</u> to both offenses on July 23, 2004. <u>Ex parte Andrus</u>, No. 61,888-01, at 42—48, 52; <u>Ex parte Andrus</u>, No. 61,888-02, at 41—47, 51. Andrus pleaded true to the enhancements, and the trial court assessed punishment as recommended at thirty-five years' imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). <u>Ex parte Andrus</u>, No. 61,888-01, at 52; <u>Ex parte Andrus</u>, No. 61,888-02, at 51. Andrus waived his right to appeal and did not appeal his convictions. <u>Ex parte Andrus</u>, No. 61,888-01, at 46, 53; <u>Ex parte Andrus</u>, No. 61,888-02, at 45, 52.

Andrus collaterally challenged both convictions by filing two state habeas applications on January 25, 2005. <u>Ex parte Andrus</u>, No. 61,888-01, at 13; <u>Ex parte Andrus</u>, No. 61,888-02, at 12. Andrus asserted in both applications that he had been denied effective assistance of counsel and that his plea of <u>nolo contendere</u> was coerced. <u>Ex parte Andrus</u>, No. 61,888-01, at 7; <u>Ex parte Andrus</u>, No. 61,888-02, at 7. The Texas Court of Criminal Appeals denied both applications without written orders on August 17, 2005. <u>Ex parte Andrus</u>, No. 61,888-01, at cover; <u>Ex parte Andrus</u>, No. 61,888-02, at cover.

Andrus filed this petition for a writ of habeas corpus on November 1, 2005, attacking his conviction for robbery (Docket

Entry No. 1).[3]   The court understands his petition to assert the following grounds for relief:

1.   He was denied effective assistance of counsel because counsel

  a.   failed to move to suppress or quash the indictment, which was defective;

  b.   failed to investigate the enhancement paragraphs in the indictment;

  c.   failed to advise Andrus that he did not have to accept the plea bargain;

  d.   advised Andrus that the charge to which he was pleading nolo contendere (robbery) was a lesser-included offense of aggravated robbery when it actually was not a lesser-included offense;

  e.   coerced Andrus into the plea by telling him it was in his best interest when it was not; and

  f.   failed to file a motion to force the victim of the alleged robbery to appear;

2.   he was convicted in violation of the Double Jeopardy clause; and

3.   the indictment was invalid and defective.

Fed. Writ Pet. at 7, Attachments A, B, and C.

---

[3]"[T]he habeas corpus petition of a pro se prisoner litigant is filed for purposes of determining the applicability of the AEDPA at the time the petitioner tenders the petition to prison officials for mailing." Spotville v. Cain, 149 F.3d 374, 375 (5th Cir. 1998). Andrus did not specify the date that he placed the petition in the prison mailing system in his petition. Fed. Writ Pet. at 9. Dretke, however, included with his motion for summary judgment a copy of mail logs from the prison unit where Andrus is housed (Docket Entry No. 13 at Exhibit A). The prison mail logs indicate that Andrus mailed the petition on November 1, 2005 (Docket Entry No. 13 at Exhibit A). Therefore, the court considers the petition filed on November 1, 2005.

Because Andrus was convicted and sentenced in Harris County, Texas, this court has jurisdiction over Andrus' petition pursuant to 28 U.S.C. § 2241(d).[4] See 28 U.S.C. § 2241(d) (2000); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000).

## II.  Standard of Review

### A.  Summary Judgment

A court grants summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are facts that may "affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The party moving for summary judgment bears the initial burden of proving the absence of any genuine issues of material fact. Fed. R. Civ. P. 56(e); Celotex Corp. v. Catrett, 106 S. Ct. 2548,

---

[4]Andrus initially filed this habeas application in the Austin Division of the Western District of Texas. Because, however, Andrus is not held and was not convicted within the geographic area served by the Austin Division of the Western District of Texas, it is not an appropriate venue for this proceeding. See 28 U.S.C. § 2241(d) (2000). Accordingly, the case was transferred to the Houston Division of the Southern District of Texas on November 16, 2005 (Docket Entry No. 3).

2552 (1986).  Once the movant has met this burden, the non-movant must establish that there is a genuine issue for trial.  <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911 (5th Cir. 1998).  If the non-movant is unable to meet this burden, the motion for summary judgment will be granted.  Fed. R. Civ. P. 56(c).  When considering a summary judgment motion, the court resolves any doubts and draws any inferences in favor of the nonmoving party.  <u>Hunt v. Cromartie</u>, 119 S. Ct. 1545, 1551-52 (1999).

**B.   Liberal Construal of Pro Se Petitions**

In a habeas case the court should liberally construe the petitions of <u>pro se</u> prisoner litigants.  <u>See</u> <u>Haines v. Kerner</u>, 92 S. Ct. 594, 595-96 (1972) (per curiam).  Procedural rules must give way at times "because of the unique circumstance of incarceration."  <u>McNeil v. United States</u>, 113 S. Ct. 1980, 1984 (1993) (citing <u>Houston v. Lack</u>, 108 S. Ct. 2379 (1988)).  Overall, the court holds <u>pro se</u> complaints to "less stringent standards than formal pleadings drafted by lawyers."  <u>Haines</u>, 92 S. Ct. at 596.

**C.   AEDPA**

Andrus filed his federal petition for a writ of habeas corpus on November 1, 2005.[5]  Andrus' petition is therefore subject to review under the amendments to the federal habeas corpus statutes embodied in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to those habeas corpus cases filed

---

[5]<u>See</u> <u>supra</u> note 3.

-6-

after its effective date of April 24, 1996.  <u>See</u> 28 U.S.C. § 2254;

<u>Lindh v. Murphy</u>, 117 S. Ct. 2059, 2063 (1997).

The provisions of section 2254(d) set forth "a highly
deferential standard for evaluating state-court rulings." <u>Lindh</u>,
117 S. Ct. at 2066 n.7.  A federal court cannot grant a writ of
habeas corpus with respect to any claim that was adjudicated on the
merits in state court unless the state court decision

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the
> Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court
> proceeding.

28 U.S.C. § 2254(d).  "[P]ure questions of law and mixed questions
of law and fact are reviewed under § 2254(d)(1), and questions of
fact are reviewed under § 2254(d)(2)." <u>Martin v. Cain</u>, 246 F.3d
471, 475-476 (5th Cir. 2001) (quoting <u>Corwin v. Johnson</u>, 150 F.3d
467, 471 (5th Cir. 1998)).

A state court's legal determination is contrary to the
established precedent of the Supreme Court only when "the state
court decides a case differently than the Supreme Court has on a
set of materially indistinguishable facts." <u>Chambers v. Johnson</u>,
218 F.3d 360, 363 (5th Cir. 2000) (quoting <u>Williams v. Taylor</u>, 120
S. Ct. 1495, 1523 (2000)).  A writ of habeas corpus will issue
based on an unreasonable application of federal law only if the
state court "identifies the correct governing legal principle . . .

-7-

but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 120 S. Ct. at 1523.

In reviewing a federal habeas petition of a person in state custody, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### III. <u>Analysis</u>

#### A.   Writ of Mandamus

Andrus petitioned the court on March 22, 2006, asking it to issue a writ of mandamus ordering Dretke to file a response to Andrus' habeas petition by March 28, 2006 (Docket Entry No. 10). The court had already ordered Dretke to respond, and Dretke filed a response on March 28, 2006 (Docket Entry No. 13). The court therefore will deny Andrus' petition for a writ of mandamus as moot.

#### B.   Motion for an Evidentiary Hearing

Andrus has requested an evidentiary hearing. Fed. Writ Pet. at Attachments B and C. The AEDPA governs the granting of an evidentiary hearing. <u>See</u> 28 U.S.C. § 2254(e)(2). Andrus' claims do not rely on a "new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court," 28 U.S.C. § 2254(e)(2)(A)(i), or on a "factual predicate that could not have been discovered previously through the exercise of due diligence."

28 U.S.C. § 2254(e)(2)(A)(ii).  Similarly, Andrus has not shown clear and convincing evidence of a constitutional error.  <u>See</u> 28 U.S.C. § 2254(e)(2)(B).  Therefore, Andrus' motion for an evidentiary hearing will be denied.

**C.  Motion to Amend Petition ("Actual Innocence")**

Andrus submitted a document on May 25, 2006, entitled "Actual Innocence" (Docket Entry No. 17).[6]  In this document Andrus does not claim that he is innocent of the crime of robbery, for which he was convicted and is currently incarcerated (Docket Entry No. 17). Rather, he claims that he is actually innocent of being a habitual offender under the Texas habitual offender statutes, and thus, that he is actually innocent of his sentence (Docket Entry No. 17 at 1-2).[7]  Liberally construing this submittal, the court will consider it as a motion to amend the initial habeas petition to add the claim of actual innocence.[8]

The Federal Rules of Civil Procedure are applicable in habeas proceedings "to the extent that they are not inconsistent with any

---

[6]The court also notes that Andrus submitted another copy of this document on July 11, 2006 (Docket Entry No. 19).

[7]Following this claim, Andrus includes what the court understands to be a restatement of the claims for relief asserted in his initial petition.

[8]Actual innocence "is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." <u>Herrera v. Collins</u>, 113 S. Ct. 853, 862 (1993).  The court considers whether to allow Andrus to amend his petition to assert this claim because the court has concluded that several of his claims are procedurally barred.

statutory provisions or these rules." Rules Governing Section 2254 Cases, Rule 11. Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." Jones v. Robinson Prop. Group, L.P., 427 F.3d 987, 994 (5th Cir. 2005) (quoting Lyn-Lea Travel Corp. v. Am. Airlines, Inc., 283 F.3d 282, 286 (5th Cir. 2002)) (internal quotation marks omitted). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court," and the court may deny a motion to amend when the amendment would be futile. Foman v. Davis, 83 S. Ct. 227, 230 (1962); see also Duzich v. Advantage Finance Corp., 395 F.3d 527, 531 (5th Cir. 2004) (concluding that the district court did not abuse its discretion in denying a motion to amend when amendment would have been futile).

Andrus claims that the two prior felony convictions used to enhance his sentence were state jail felonies and, thus, were ineligible to be considered for enhancement purposes (Docket Entry No. 17 at 2). Section 12.42(e) of the Texas Penal Code provides that a state jail felony, unless enhanced pursuant to section 12.35(c), "may not be used for enhancement purposes . . . ." Tex. Pen. Code Ann. § 12.42(e). Andrus presents no evidence to support this contention. Moreover, Andrus' TDCJ-CID records, included as Exhibit C in Dretke's summary judgment brief, indicate that Andrus served his sentence for these crimes in the TDCJ-CID (Docket Entry

No. 13, at Exhibit C).  Because Andrus served his time in the TDCJ-CID, and not a state jail, these prior convictions must have been more severe than unenhanced state jail felonies.[9]  Thus, section 12.35(e) does not disqualify them from use for enhancement purposes.  Tex. Pen. Code Ann. § 12.35(e).  Andrus' actual innocence claim therefore is without merit, and granting his motion to amend his initial petition to include this claim would be futile.

## D.    Exhaustion of State Remedies

Federal courts may not grant habeas relief to state prisoners unless they have first exhausted all remedies available in state court.  28 U.S.C. § 2254(b)(1).  Therefore, the court must consider whether Andrus has exhausted his state court remedies.

In order to properly exhaust state remedies a state prisoner must "fairly present" all of his claims to the state court.  Picard v. Connor, 92 S. Ct. 509, 512 (1971).  This means that a petitioner

---

[9]Section 12.35(a) of the Texas Penal Code provides that state jail felonies, unless enhanced pursuant to section 12.35(c), shall be punished "by confinement in a state jail."  Tex. Pen. Code Ann. § 12.35(a) (Vernon 2003) (emphasis added).  On the other hand, enhanced state jail felonies and the higher degree felonies are punished "by imprisonment in the institutional division."  Tex. Pen. Code Ann. § 12.31 (Vernon Supp. 2005); Tex. Pen. Code Ann. §§ 12.32-12.34 (Vernon 2003) (emphasis added).  "These are distinct divisions in the Texas Department of Criminal Justice, not synonyms."  Banks v. State, 29 S.W.3d 642, 645 (Tex. App. -- Houston [14th Dist.] 2000, pet. ref'd).  State courts imposing sentences must impose sentences in the division of the Texas prison system prescribed by the sentencing statutes; otherwise the sentence is void.  Id.

must have informed the state court of the same facts and legal theories upon which he bases his assertions in his federal habeas petition. Dispensa v. Lynaugh, 847 F.2d 211, 217-18 (5th Cir. 1988). When a petition includes claims that have been exhausted along with claims that have not been exhausted, it is a "mixed" petition; and historically, federal courts presented with mixed petitions have dismissed the entire petition for failure to exhaust. See Rose v. Lundy, 102 S. Ct. 1198, 1205 (1982); Galtieri v. Wainwright, 582 F.2d 348, 355 (5th Cir. 1978) (en banc). The AEDPA, however, allows the court, at its discretion, to deny any unexhausted claim on its merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Dretke points out that not all of Andrus' claims have been exhausted (Docket Entry No. 13 at 4). Specifically, Dretke contends that Andrus has not exhausted his invalid indictment claim or his double jeopardy claim (Docket Entry No. 13 at 4). The court agrees that Andrus did not assert these grounds for relief in state court; and thus, they are not exhausted.[10] See Ex parte Andrus, No. 61,888-01, at 7, 11-12. Therefore, Andrus has submitted a

_____

[10]Although Andrus did assert that his counsel was ineffective for failing to quash a defective indictment, he did not raise the invalid indictment claim as an independent ground for relief. Ex parte Andrus, No. 61,888-01, at 7, 11-12.

-12-

mixed petition, and it is subject to dismissal.  See Rose, 102 S. Ct. at 1205.

Andrus has moved the court to stay this action to give him time to exhaust the state court remedies for his new claims rather than dismissing the petition as mixed (Docket Entry No. 15 at 2). The court has the discretion to grant a stay to allow Andrus to exhaust state remedies and avoid the effects of the AEDPA's statute of limitations, but should not exercise this discretion when the unexhausted claims are "plainly meritless." Rhine v. Weber, 125 S. Ct. 1528, 1535 (2005).  Therefore, the court must analyze the potential merits of Andrus' claims to determine whether a stay is appropriate.

As explained below, the court has considered each of Andrus' claims and concluded that all of the grounds for relief asserted by Andrus either fail on the merits or are procedurally barred. Therefore, the court will deny Andrus' motion for a stay.  See Rhine, 125 S. Ct. at 1535; Neville v. Dretke, 423 F.3d 474, 480 (5th Cir. 2005) (explaining that a claim that is procedurally barred is "plainly meritless").  Additionally, the court will deny each of Andrus' claims for relief either on the merits or as procedurally barred rather than dismiss his petition as mixed.  See 28 U.S.C. § 2254(b)(2); Neville, 423 F.3d at 480.

**E.   Ineffective Assistance of Counsel**

The court understands Andrus' petition to assert that his trial counsel provided ineffective assistance because counsel:

(1) failed to move to suppress or quash the indictment, which was defective; (2) failed to investigate the enhancement paragraphs in the indictment; (3) failed to advise Andrus that he did not have to accept the plea bargain; (4) advised Andrus that the charge to which he pleaded <u>nolo contendere</u> (robbery) was a lesser-included offense of aggravated robbery when it actually was not a lesser-included offense; (5) coerced Andrus into the plea by telling him it was in his best interest when it actually was not; and (6) failed to file a motion to force the victim of the alleged robbery to appear.  Fed. Writ. Pet. at 7 and Attachment A.

Andrus pleaded <u>nolo contendere</u> to the charge of robbery. <u>Ex parte Andrus</u>, No. 61,888-01, at 42—48, 52.  Because a plea of <u>nolo contendere</u> is considered an admission of guilt, the law applicable to a guilty plea is applicable in this case. <u>Carter v. Collins</u>, 918 F.2d 1198, 1200 n.1 (5th Cir. 1990).  "A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently." <u>Montoya v. Johnson</u>, 226 F.3d 399, 405 (5th Cir. 2000) (citing <u>James v. Cain</u>, 56 F.3d 662, 666 (5th Cir. 1995)).  A petitioner waives all non-jurisdictional defects, including claims of ineffective assistance of counsel, when he voluntarily pleads guilty. <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000).  An exception to this rule applies when the attorney's ineffectiveness renders the plea involuntary. <u>Tollet v. Henderson</u>, 93 S. Ct. 1602, 1607-08 (1973) (explaining that when a

habeas petitioner has pleaded guilty on the advice of his counsel,
"[t]he focus of federal habeas inquiry is the nature of the advice
and the voluntariness of the plea"); Glinsey, 209 F.3d at 392.

When evaluating whether counsel's ineffectiveness rendered the
guilty plea involuntary, the court applies the two-part test
announced in Strickland v. Washington, 104 S. Ct. 2052 (1984).
Hill v. Lockhart, 106 S. Ct. 366, 370 (1985).  First, the
petitioner must show that counsel's performance was deficient.
Hill, 106 S. Ct. at 370; Strickland, 104 S. Ct. at 2064.  In the
context of a guilty plea, this means the petitioner must
demonstrate that counsel's representation fell below an objective
standard of reasonableness.  See Hill, 106 S. Ct. at 369-70.  The
petitioner must next show that counsel's deficient performance
prejudiced the petitioner.  Hill 106 S. Ct. at 370; Strickland, 104
S. Ct. at 2064.  This means that the petitioner must demonstrate
that "there is a reasonable probability that, but for counsel's
errors, he would not have pleaded guilty and would have insisted on
going to trial."  Hill, 106 S. Ct. at 370.  If the petitioner makes
an insufficient showing on one prong of the test, the court need
not address the other.  Strickland, 104 S. Ct. at 2069.  The
petitioner bears the burden of proof in an ineffective assistance
of counsel claim.  Alexander v. McCotter, 775 F.2d 595, 602 (5th
Cir. 1985).  Additionally, a fair assessment of attorney
performance requires that every effort must be made to eliminate
"the distorting effects of hindsight."  Id.

-15-

1.   <u>Failure to Investigate Enhancement Paragraphs</u>

Andrus asserts that his counsel failed to investigate the enhancement paragraphs of his indictment.  To proceed on a failure to investigate claim Andrus must specify what a proper investigation would have revealed and how it would have benefitted him.  See <u>Glinsey</u>, 209 F.3d at 393 (citing <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989)).  Andrus does not specify in his petition what his counsel would have discovered had he investigated the enhancement paragraphs.  Fed. Writ Pet. at 7, Attachment A.  However, based on Andrus' later submission entitled "Actual Innocence" (Docket Entry No. 17), it appears that he contends that the enhancement paragraphs were flawed because they improperly listed two prior unenhanced state jail felony convictions, which cannot be used for enhancement purposes.  See Tex. Pen. Code Ann. § 12.42(e).  But as the court explained above, these two prior felonies were not unenhanced state jail felonies because Andrus served time in the TDCJ-CID for those convictions.  See Tex. Pen. Code Ann. § 12.31-12.35.

Dretke, in his Motion for Summary Judgment, points out that there was an error in the date of conviction in the first enhancement paragraph of Andrus' indictment for the charge of burglary of a habitation (Docket Entry No. 13 at 14).  The enhancement paragraph indicated that Andrus was convicted for the first prior felony on August 12, 1998, <u>Ex parte Andrus</u>, No. 61,888-02, at 48, when the correct date was May 12, 1998 (Docket Entry

-16-

No. 13 at Exhibit C).  Andrus, however, is not challenging his conviction for burglary of a habitation in this habeas petition. Fed. Writ Pet. at 2-3.  Additionally, even if counsel had discovered this error and could have quashed the burglary indictment for this minor error, this oversight did not affect the voluntariness of Andrus' plea with regard to the robbery charge.

For these reasons, Andrus has failed to show that his counsel's performance was defective and that, but for his counsel's actions, he would have probably refused to plead guilty and would have insisted on going to trial.  See Hill, 106 S. Ct. at 370. Therefore, the court will deny relief on this ineffective assistance claim.

2.   Failure to Advise Regarding Voluntariness of Plea Bargain

Andrus claims that his trial counsel failed to advise him that he did not have to accept the plea bargain. Fed. Writ Pet. at 7, Attachment A.  This claim goes directly to the voluntariness of Andrus' plea.  Andrus, however, initialed and signed statements acknowledging that he fully understood the consequences of his plea, that he had fully consulted with his attorney, that he was making the plea freely and voluntarily, and that he was fully satisfied with the representation provided by his counsel.  Ex parte Andrus, No. 61,888-01, at 47-48.  Such statements of voluntariness in open court "carr[y] a strong presumption of verity."  DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994) (citing Blackledge v. Allison, 97 S. Ct. 1621, 1629 (1977)).  Thus,

-17-

a petitioner who later seeks to prove that the statements were not freely and voluntarily made bears a heavy burden.  Id.

Faced with only an unsubstantiated claim that Andrus' counsel did not inform him that he did not have to accept the plea bargain, the court concludes that Andrus has not overcome the "strong presumption of verity" that must be given to his statements in open court.  DeVille, 21 F.3d at 659.  Accordingly, the court concludes that Andrus has failed to show that his counsel's performance was defective and that, but for his counsel's actions, he would have probably refused to plead guilty and would have insisted on going to trial.  See Hill, 106 S. Ct. at 370.  Therefore, relief will be denied on this ineffective assistance claim.

3.   Failure to Quash Indictment and Coercion

Andrus also contends that his counsel was ineffective because he failed to quash the indictment and coerced him into pleading nolo contendere by telling him it was in his best interest when it actually was not.  Andrus raised both of these claims in his state habeas petition.  Ex parte Andrus, No. 61,888-01, at 7, 11-12.  The Texas Court of Criminal Appeals denied the claims without written order.  Id. at cover.  A denial is a decision on the merits.  See Barrientes v. Johnson, 221 F.3d 741, 779 (5th Cir. 2000) (citing Ex parte Torres, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).  Accordingly, under the AEDPA's "highly deferential standard for evaluating state-court rulings," the Texas Court of Criminal Appeals' decision denying relief must "be given the benefit of the

-18-

doubt." <u>Woodford v. Visciotti</u>, 123 S. Ct. 357, 360 (2002) (internal quotations marks omitted).

Andrus first suggests that counsel should have quashed the indictment because the enhancement paragraphs were defective. But as discussed above, Andrus has failed to demonstrate how the enhancement paragraphs were flawed.

Andrus also asserts that counsel should have opposed the indictment because there was a problem with the charging paragraph. Fed. Writ Pet. at 7.   Specifically, Andrus claims that the indictment fails to give notice of the charge and fails to allege all elements of the crime. Fed. Writ Pet. at 7, Attachment C. The sufficiency of a state indictment is not a basis for federal habeas relief unless the indictment is so defective that it deprives the convicting state court of jurisdiction. <u>Riley v. Cockrell</u>, 339 F.3d 308, 313-14 (5th Cir. 2003).   Whether the indictment is sufficient to confer jurisdiction on the state trial court is a matter of state law. <u>McKay v. Collins</u>, 12 F.3d 66, 69 (5th Cir. 1994) (citing <u>Lavernia v. Lynaugh</u>, 845 F.2d 493 (5th Cir. 1988); <u>Bueno v. Beto</u>, 458 F.2d 457 (5th Cir. 1972)).   "Where the state courts have held that an indictment is sufficient under state law, a federal court need not address that issue." <u>Id.</u> at 68 (citing <u>Millard v. Lynaugh</u>, 810 F.2d 1403 (5th Cir. 1987); <u>Alexander</u>, 775 F.2d at 598).  Because Andrus raised this issue in his state habeas application, the Texas Court of Criminal Appeals has already considered the sufficiency of the indictment, and "in declining to

grant relief 'necessarily, though not expressly, held that the Texas courts have jurisdiction and that the indictment is sufficient for that purpose.'" Id. at 68 (quoting Alexander, 775 F.2d at 599). Thus, the court defers to the state court's decision, and will not conclude that counsel's performance was defective in failing to quash the indictment on this ground.

As to the coercion claim, Andrus was charged with the first-degree felony of aggravated robbery, see Tex. Pen. Code Ann. § 29.03(b), and was facing a potential life sentence, even without considering his prior convictions. See Tex. Pen. Code Ann. § 12.32(a). Thus, the court does not find that counsel's advice to Andrus that it was in his best interest to plead guilty in exchange for a thirty-five year sentence fell below an objective standard of reasonableness or amounted to coercion. See Brady v. United States, 90 S. Ct. 1463, 1470 (refusing to hold "that a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty"). Further, as the court noted above, at the time of his plea Andrus initialed and signed statements claiming that he was making the plea freely and voluntarily and that he was fully satisfied with the representation provided by his counsel. Ex parte Andrus, No. 61,888-01, at 47-48.

For these reasons, Andrus has failed to show that the Texas Court of Criminal Appeals' decision denying these claims "was contrary to, or involved an unreasonable application of, clearly

established Federal law, . . . [or] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1).

    4.   <u>Advice Regarding Lesser-Included Offense</u>

Andrus contends that his counsel incorrectly informed him that the crime of robbery, to which he pleaded guilty, was a lesser included offense of aggravated robbery, with which he was originally charged.   Fed. Writ Pet. at Attachment A.   This contention has no merit.

Section 29.03 of the Texas Penal Code defines the elements of aggravated robbery as follows:

> A person commits an offense if he commits <u>robbery</u> as defined in Section 29.02, and he:
>
> (1)  causes serious bodily injury to another;
>
> (2)  uses or exhibits a deadly weapon; or
>
> (3)  causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is:
>
> > (A) 65 years of age or older; or
> >
> > (B) a disabled person.

Tex. Pen. Code Ann. § 29.03(a) (emphasis added).

The statute requires that the defendant must commit the crime of robbery <u>and</u> must also commit one of the other listed elements. <u>Id.</u>  Robbery is therefore a lesser-included offense of aggravated robbery.   <u>Id.</u>  Accordingly, this ineffective assistance claim is without merit.

-21-

　　　5.　　Failure to Force Victim to Appear

　　　Andrus claims that his counsel provided ineffective assistance by failing to file a motion to force the victim of the alleged robbery to appear.  Fed. Writ Pet. at Attachment B.  Andrus argues that the victim was injured after he left the scene of the robbery; thus, he was entitled to a lesser charge.  Id.  Without some evidence in the record to support Andrus' assertion as to what the victim would have testified, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value."  Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).  More importantly though, Andrus pleaded nolo contendere to the crime of robbery.  Ex parte Andrus, No. 61,888-01, at 42–48, 52.  The court concludes that this claim is unrelated to the voluntariness of Andrus' plea and, thus, was waived by the plea and is inappropriate for federal habeas consideration.  See Bradbury, 658 F.2d at 1087; see also Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (finding that petitioner's claim that counsel failed to investigate witnesses was not related to the voluntariness of the petitioner's guilty plea and, thus, was waived).

**F.　Double Jeopardy and Defective Indictment**

　　　The court understands Andrus' petition to assert that his rights under the Sixth Amendment's double jeopardy clause were violated because (1) the trial court assessed multiple punishments, (2) he was charged with two crimes in one proceeding, (3) prior

-22-

convictions were used multiple times for enhancement, and (4) he was convicted of robbery, which is a lesser-included offense of the original charge of aggravated robbery. Fed. Writ Pet. at 7, Attachment B. Andrus also asserts that the indictment for the aggravated robbery charge was defective because (1) it failed to give notice of the charge, (2) the charging paragraph did not allege all elements of the crime, and (3) the enhancement paragraphs were untrue. Fed. Writ Pet. at 7, Attachment C. Dretke argues that Andrus has not exhausted his state remedies on these claims and that the claims would now be procedurally barred under the Texas abuse of writ doctrine if Andrus attempted to raise them in a subsequent state habeas petition (Docket Entry No. 13 at 5-8).

Andrus did not raise a double jeopardy claim in his state habeas petition, nor did he assert directly that the indictment was defective.[11] See Ex parte Andrus, No. 61,888-01 at 7, 11-12. Andrus indicates in his petition that he has submitted a second state habeas petition raising the same grounds now asserted in this federal petition. Fed. Writ Pet. at 9. Dretke has submitted an affidavit from the Texas Court of Criminal Appeals stating that Andrus has not filed another state habeas application (Docket Entry No. 13 at Exhibit B). Therefore, the court concludes that Andrus did not exhaust all available state remedies for these claims. See 28 U.S.C. § 2254(b)(1); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (explaining that "a Texas prisoner satisfies the

---

[11]See supra note 10.

exhaustion requirement and may properly seek federal habeas relief if he raised his claim with the Texas Court of Criminal Appeals either in a petition for discretionary review or in an application for writ of habeas corpus").

"[W]hen a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" the petitioner's claim is procedurally defaulted. Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (quoting Coleman v. Thompson, 111 S. Ct. 2546, 2557 n.1 (1991)). The Texas abuse of writ doctrine, codified in article 11.07 of the Texas Code of Criminal Procedure, prevents Texas courts from considering successive habeas petitions attacking the same sentence except in narrow circumstances. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon 2005). If Andrus were to submit another state petition, the state courts could not consider it

> unless the application contains sufficient specific facts establishing that:
>
> > (1) the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
> >
> > (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

-24-

Id.   The abuse of writ doctrine represents an adequate and independent state procedural bar to federal habeas review.   Cotton v. Cockrell, 343 F.3d 746, 755 (5th Cir. 2003).

Andrus contends that he is presenting the double jeopardy claim for the first time because he just learned that this right was violated.  Fed. Writ. Pet. at 8.  He does not, however, claim that he could not have presented the double jeopardy claim or the defective indictment claim because the factual or legal bases for the claims were unavailable.  Id.  Additionally, Andrus does not attempt to demonstrate, and thus does not establish by a preponderance of the evidence, that but for a violation of the Constitution no rational juror could have found him guilty of the crime of robbery.  Therefore, the court concludes that if Andrus were to submit a subsequent state habeas petition in an attempt to exhaust his state remedies, the Texas Court of Criminal Appeals would dismiss the petition as procedurally barred pursuant to article 11.07, section 4.  See Tex. Code Crim. Proc. Ann. art. 11.07 § 4; Fearance, 56 F.3d at 642.

Because Andrus has procedurally defaulted these claims due to an independent and adequate state rule, this court cannot consider them on the merits unless he can establish cause and prejudice, or demonstrate that this court's failure to consider the claims constitutes a fundamental miscarriage of justice.  See Coleman, 111 S. Ct. at 2565.

The fundamental miscarriage of justice exception is limited to claims of actual innocence.  See Sawyer v. Whitley, 112 S. Ct. 2514, 2518-19 (1992); Neville, 423 F.3d at 480.  Andrus does not claim actual innocence of the underlying crime of robbery, and as the court concluded supra, his claim of actual innocence of his sentence lacks merit.

To show cause a habeas petitioner must demonstrate that "'some objective factor external to the defense'" prevented the petitioner from raising the claim.  Rodriquez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997) (quoting McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1990)).  Objective external factors may include "active government interference or the reasonable unavailability of the factual or legal basis for the claim."  Id. (citing McCleskey, 111 S. Ct. at 1472).  If a petitioner fails to establish cause, the court need not consider prejudice.  Id.  Andrus has not shown the unavailability of the factual or legal bases for either his double jeopardy claim or his defective indictment claim, arguing only that he just learned of his potential double jeopardy claim.  Fed. Writ Pet. at 9.  It is not enough that Andrus was subjectively unaware of these potential claims at the time he submitted his state petition.  See Saahir v. Collins, 956 F.2d 115, 118 (5th Cir. 1992) ("The alleged inadequacy of [petitioner's] own legal research is irrelevant . . . because no objective external factor prevented him from raising the new claims in prior petitions.").  Additionally,

-26-

Andrus has not alleged or attempted to establish government interference. Fed. Writ Pet. at 9. Therefore, the court cannot conclude that an objective external factor prevented Andrus from raising these claims in his state petition. See Rodriquez, 104 F.3d at 697.

In conclusion, the court finds that Andrus' double jeopardy claim and his defective indictment claim are procedurally barred pursuant to the Texas abuse of writ doctrine. Further, Andrus has failed to show that the court should apply the fundamental miscarriage of justice exception or the cause and prejudice exception to the procedural default doctrine. Thus, the court cannot consider these claims on the merits.

## IV. Certificate of Appealability

Although Andrus has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Andrus must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing Andrus must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569. When the court denies relief based on

procedural grounds and does not reach the petitioner's underlying constitutional claim, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and that they "would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).   For the reasons stated in this Memorandum Opinion and Order, Andrus has not made a substantial showing of the denial of a constitutional right, nor has he shown that a jurist of reason would debate whether the procedural rulings in this case are correct.   Accordingly, a certificate of appealability will not issue in this case.

### V.   <u>Conclusion and Order</u>

The court **ORDERS** the following:

1.   Andrus' Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

2.   Andrus' motion for an evidentiary hearing (Docket Entry No. 1 at Attachments B and C) is **DENIED**.

3.   Andrus' second Application to proceed In Forma Pauperis (Docket Entry No. 8) is **MOOT**.

4.   Andrus' petition for a Writ of Mandamus (Docket Entry No. 10) is **DENIED as MOOT**.

5.   Respondent Dretke's Motion for Summary Judgment (Docket Entry No. 13) is **GRANTED**.

6.   Andrus' motion to stay (Docket Entry No. 15 at 2) is **DENIED**.

7.   Andrus' motion to amend his petition to assert the claim of actual innocence (Docket Entry No. 17) is **DENIED**.

8.   Andrus' Motion for Summary Judgment (Docket Entry No. 19) is **DENIED**.

9.   A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner and will provide a copy of the Petition and this Memorandum Opinion and Order to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 31st day of July, 2006.

_____
                         SIM LAKE
UNITED STATES DISTRICT JUDGE